******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MERCEDES-BENZ FINANCIAL *v.* 1188 STRATFORD AVENUE, LLC, ET AL.
## (SC 20754)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker, Alexander and Dannehy, Js.*

*Syllabus*

The plaintiff financing company sought to recover damages from the defendants, a limited liability company and its principal, D, for breach of contract in connection with the defendants' alleged failure to make payments under a motor vehicle lease agreement. After the defendants were defaulted for failure to appear, the trial court granted the plaintiff's motion for judgment and rendered a default judgment for the plaintiff. Less than four months later, and more than two years after the plaintiff had commenced its action, the defendants moved to open and set aside the default judgment pursuant to statute ((Rev. to 2019) § 52-212). In an affidavit accompanying the motion to open, D attested that the vehicle in question had serious defects that made it dangerous to operate and that the defendants had declared the lease void and returned the vehicle to the car dealership from which it was leased. D further attested that he mistakenly thought that the case had been resolved, that there were good defenses to the plaintiff's action, including breach of warranties and misrepresentations, and that the defendants would file a counterclaim when the judgment was opened. The plaintiff objected, and, after a hearing, the trial court denied the motion to open, concluding that the motion had been untimely filed and had no basis. The defendants appealed to the Appellate Court, which acknowledged that the trial court incorrectly had determined that the motion was untimely but determined that the trial court had not abused its discretion in denying the motion on the ground that it had no basis. On the granting of certification, the defendants appealed to this court.

*Held* that the Appellate Court incorrectly concluded that the trial court had not abused its discretion in denying the defendants' motion to open, and, accordingly, this court reversed the Appellate Court's judgment and remanded with direction to reverse the trial court's judgment and for further proceedings:

---

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Robinson and Justices McDonald, D'Auria, Mullins, Ecker Alexander and Dannehy. Although Chief Justice Robinson was not present at oral argument, he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

The legal standard set forth in § 52-212 (a) for opening default judgments, pursuant to which a movant must establish that a good defense existed at the time the trial court rendered judgment and that the movant was prevented from asserting that defense because of mistake, accident, or other reasonable cause, applies when the motion to open is timely filed, that is, within four months of the date the trial court rendered judgment, whereas, once that four month window has lapsed, the trial court has the inherent authority to open a judgment when the movant establishes that the judgment was obtained by fraud, duress, or mutual mistake, or, under certain circumstances, when newly discovered evidence exists to challenge the judgment.

In the present case, it was undisputed that the trial court's timeliness determination was incorrect because the defendants had timely moved to open the judgment within four months of the date the trial court rendered it, and this court could not conclude that this critical error did not affect the trial court's determination as to which legal standard to apply in ruling on the merits of the motion or did not adversely impact the trial court's exercise of discretion under the proper legal standard.

Although it was unclear which legal standard the trial court had applied in concluding that there was no basis for the motion to open, the trial court's application of either standard constituted an abuse of its discretion.

Specifically, if the trial court's decision that the motion was untimely led it to deny the motion on the ground that the defendants had failed to establish that the judgment was procured by fraud, duress, or mutual mistake, its decision would have been unfounded both because the motion was timely and there was no discussion or mention by the trial court of fraud, duress, or mutual mistake, and if the trial court determined that the motion was untimely and also had no basis because the defendants had failed to satisfy the two part test prescribed by § 52-212 (a), then its decision would have resulted from the application of an incorrect legal standard, that is, the standard applicable to timely filed motions to open.

Moreover, the trial court's misapprehension of the timeliness of the motion impacted not only which legal standard to apply, but also its consideration of whether the defendants had satisfied § 52-212 (a).

Accordingly, the trial court's decision whether to grant the defendants' motion to open was founded on an improper subsidiary determination, namely, its erroneous determination that the defendants' motion was untimely, reversal of the Appellate Court's judgment was necessary because an injustice apparently occurred, and, on remand, the defendants were entitled to an evidentiary hearing, before a different judge with a correct understanding that the defendants' motion was timely filed, at

which they will have the opportunity to satisfy the requirements of § 52-212 (a).

(*Two justices dissenting in one opinion*)

Argued November 15, 2023—officially released April 16, 2024

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the defendants were defaulted for failure to appear; thereafter, the court, *Hon. Arthur A. Hiller*, judge trial referee, granted the plaintiff's motion for judgment and rendered judgment for the plaintiff; subsequently, the court denied the defendants' motion to open and set aside the judgment, and the defendants appealed to the Appellate Court, *Bright, C. J.*, and *Moll, J.*, with *Prescott, J.*, dissenting, which affirmed the trial court's judgment, and the defendants, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Daniel D. Skuret III*, with whom was *Patrick D. Skuret*, for the appellants (defendants).

*Gary J. Greene*, for the appellee (plaintiff).

*Opinion*

D'AURIA, J. In this certified appeal, the defendants, Aniello Dizenzo and his company, 1188 Stratford Avenue, LLC (company), appeal from the Appellate Court's judgment affirming the trial court's denial of their motion to open the judgment rendered in favor of the plaintiff, Mercedes-Benz Financial. On appeal, the defendants claim that the Appellate Court incorrectly concluded that the trial court had not abused its discretion by denying their motion to open as untimely and with no basis, even though the defendants timely filed their motion. We agree and, therefore, reverse the Appellate Court's judgment.

The Appellate Court's opinion aptly recites the facts and procedural history required to resolve this appeal; see *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, 213 Conn. App. 739, 280 A.3d 120 (2022); which we summarize along with other undisputed facts in the record. In 2012, the defendants entered into a motor vehicle lease agreement (agreement) with a dealership in Fairfield for a 2013 Mercedes-Benz (vehicle). Dizenzo signed the agreement on his company's behalf and also in his individual capacity as guarantor. The agreement provided that the defendants would make monthly lease payments to the plaintiff.

In February, 2017, the plaintiff brought the underlying breach of contract action against the defendants, alleging that they had stopped making the lease payments due under the agreement. Neither defendant filed an appearance. The plaintiff moved to default the defendants for failure to appear, which the trial court clerk granted. The plaintiff then moved for judgment and for an order of weekly payments. On May 13, 2019, the court granted the motion and rendered judgment for the plaintiff in the amount of $11,734.61, and awarded the plaintiff postjudgment interest at the annual rate of 8 percent pursuant to General Statutes § 37-3a. The court further ordered the defendants to pay the plaintiff $35 each week. The plaintiff sent a notice of this judgment to the defendants.

Less than four months after the court rendered judgment for the plaintiff, the defendants, on July 29, 2019, moved to open the judgment pursuant to General Statutes (Rev. to 2019) § 52-212.[1] The defendants contended that the "vehicle continuously [had] serious defects

---

[1] All references to § 52-212 are to the 2019 revision of the statute. Additionally, although the defendants titled their motion, "motion to set aside judgment," and did not expressly cite any supporting legal authority, it later became clear that § 52-212 was the basis for their motion. The plaintiff does not contend otherwise.

with [it] which made operating it dangerous" and that the required repairs would have taken several months to complete. The defendants declared the lease void and left the vehicle with the dealer because the vehicle could not function properly. As a result, the defendants claimed that they had to expend additional funds to secure a replacement vehicle. The defendants further asserted that, "when they were sued in 2017, [they] mistakenly thought this matter was resolved, and [they] did not hear anything else until June of 2019 when [they] received notice of judgment." The defendants further claimed that they "ha[d] good defenses to the plaintiff's claim based on breach of warranties and misrepresentations and [would] file a counterclaim . . . when the judgment is [opened]." The defendants supported their motion with Dizenzo's affidavit, in which he repeated these claims essentially verbatim.

The plaintiff objected to the motion to open, claiming that the defendants had neither alleged nor demonstrated good cause as to why the court should open the judgment and had failed to offer any valid defenses or affirmative claims against the plaintiff's cause of action. The plaintiff further contended that the defendants "should not be permitted to sit on their rights for over two years during the pendency of this case and now attempt to open the judgment."

Pursuant to the defendants' request, the court conducted a hearing for the parties to present oral arguments on the motion. The court initially questioned whether the defendants had timely filed the motion to open within four months from when judgment was rendered, as § 52-212 requires. The courtroom clerk and the defendants' counsel accurately reported to the court that the July 29, 2019 motion to open was filed within four months of the court's rendering judgment on May 13, 2019, and the court responded: "So, we are barely in time." The defendants' counsel then explained the

basis for the motion. Specifically, he contended that the defendants had taken no action in response to this lawsuit because the plaintiff accepted the vehicle's return, the plaintiff had informed them that this action was not going to go forward, and the plaintiff waited two years to attempt to collect the judgment against the defendants. The defendants' counsel further argued that the defendants were seeking to open the judgment to conduct discovery and to file a counterclaim against the plaintiff based on problems with the vehicle. The plaintiff's counsel denied the defendants' version of events, contending that the defendants' prospective claims and defenses would be time barred because the lease agreement was signed in 2012, and their problems with the vehicle were immaterial because the plaintiff was only the "financing entity," not the car dealer. When the court expressed concern that Dizenzo's affidavit might not suffice to support the motion to open, the defendants' counsel requested a one week continuance to present evidence at an evidentiary hearing to support the motion. The court did not expressly rule on the defendants' request for a hearing. Rather, at the end of hearing, the court orally denied the motion on the grounds that "[i]t's untimely and it has no basis." The same day, the court issued a written order denying the motion, stating: "Motion is untimely with no basis."

The defendants appealed to the Appellate Court, claiming, among other things, that, because their motion to open had been timely filed, the trial court abused its discretion in denying the motion. *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 748, 750. The plaintiff agreed that the trial court incorrectly had determined that the defendants' motion was untimely but argued that, in denying the motion, the court nevertheless properly exercised its discretion because the defendants had failed to satisfy

the two part test to determine the timeliness of motions to open under § 52-212 (a). Id., 748–49.

In a split decision, the Appellate Court affirmed the trial court's denial of the motion to open. Id., 740, 755. The majority acknowledged that the trial court incorrectly had determined that the motion to open was untimely. Id., 750. The majority nevertheless held that the trial court had not abused its discretion in denying the motion to open on the additional ground that the motion " 'ha[d] no basis' "; id.; because the motion to open and Dizenzo's affidavit failed to establish the second prong of the § 52-212 (a) test, namely, that the defendants' failure to appear and raise a defense was excused by reasonable cause. Id., 753. Specifically, the majority concluded that the defendants' mistaken belief that the matter was resolved did not suffice to establish "reasonable cause" to excuse their failure to take any action in response to the pending action. Id. Judge Prescott dissented, contending that the trial court's improper timeliness determination likely tainted its decision on the merits of the motion to open and that it was unclear which standard the trial court had applied when it concluded that the motion had no basis. Id., 755–56. In Judge Prescott's view, the defendants "are entitled to have that motion adjudicated by a trial court that is not laboring under the misapprehension that the motion was late." Id., 756. This certified appeal followed.[2]

---

[2] We granted certification on the following issue: "Did the Appellate Court incorrectly conclude that the trial court had not abused its discretion when it denied the defendants' motion to open the judgment as untimely and without substance despite the fact that the motion was timely filed?" *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, 345 Conn. 910, 283 A.3d 505 (2022). On appeal to the Appellate Court, the defendants also claimed that the trial court had abused its discretion by denying their oral request to continue the hearing on the motion and to allow them to present evidence in addition to the affidavit to support their motion. *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 740. The Appellate Court rejected this claim. See id., 753–55. Although the defendants appear to renew this claim in their brief to this court, we need not address

"Whether proceeding under the common law or a statute, the action of a trial court in granting or [denying a motion] to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 381, 260 A.3d 1187 (2021). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed [as] long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Conroy* v. *Idlibi*, 343 Conn. 201, 204, 272 A.3d 1121 (2022).

"The court's discretion, however, is not unfettered . . . ." (Internal quotation marks omitted.) *Harris* v. *Neale*, 197 Conn. App. 147, 157, 231 A.3d 357 (2020); see also *Cook* v. *Lawlor*, 139 Conn. 68, 71, 90 A.2d 164 (1952). "[D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . [T]he court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Citation omitted; internal quotation marks omitted.) *Costello* v. *Goldstein & Peck, P.C.*, 321 Conn. 244, 255–56, 137 A.3d 748 (2016). Sound discretion "requires a knowledge and understanding of the material circumstances surrounding the matter . . . ." (Internal quotation marks omitted.) *Krevis* v. *Bridgeport*, 262 Conn. 813, 819, 817 A.2d 628 (2003). Additionally, an "abuse of discretion exists when a

it because we conclude that the trial court abused its discretion in denying the motion to open.

court . . . has decided [the matter] based on improper or irrelevant factors." (Internal quotation marks omitted.) *State* v. *Jackson*, 334 Conn. 793, 811, 224 A.3d 886 (2020). "[R]eversal is required where the abuse is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *Burton* v. *Browd*, 258 Conn. 566, 570, 783 A.2d 457 (2001).

The threshold determination of whether a motion to open is timely filed is critical because it determines which of two different legal standards the trial court must apply when ruling on the motion. First, as the Appellate Court majority accurately noted, a timely motion to open is governed by § 52-212 (a), which provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, *within four months* following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, *showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.*" (Emphasis added.) General Statutes (Rev. to 2019) § 52-212 (a); see also Practice Book § 17-43 (a). This rule is "motivated by the policy that [o]nce a judgment [is] rendered it is to be considered final and it should be left undisturbed by [posttrial] motions except for a good and compelling reason. . . . Otherwise, there might never be an end to litigation." (Citation omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 107, 952 A.2d 1 (2008). Accordingly, to prevail on a motion to open timely filed within the four month window, § 52-212 (a) requires that the movant make a two part

showing: (1) that a good defense, the nature of which must be set forth, existed at the time the trial court rendered judgment, and (2) that the movant was prevented from making that defense because of mistake, accident, or other reasonable cause. See, e.g., *In re Joseph W.*, 301 Conn. 245, 264 n.21, 21 A.3d 723 (2011); *Flater* v. *Grace*, 291 Conn. 410, 419, 969 A.2d 157 (2009).

Second, but missing from the Appellate Court majority opinion, is any mention of that part of the test for determining whether to grant a motion to open, which provides that, once the § 52-212 (a) four month window expires, the trial court has inherent authority, "independent of [any] statutory provisions, to open a judgment obtained by fraud, in the actual absence of consent, or by mutual mistake at any time." (Internal quotation marks omitted.) *Wolfork* v. *Yale Medical Group*, 335 Conn. 448, 469, 239 A.3d 272 (2020); see also *Reville* v. *Reville*, 312 Conn. 428, 441, 93 A.3d 1076 (2014). The two part test prescribed by § 52-212 (a) does not apply to untimely motions filed outside the four month window. Rather, to prevail on a motion to open filed outside this window, a movant must establish that the judgment was "obtained by fraud, duress or mutual mistake or, under certain circumstances, where newly discovered evidence exists to challenge the judgment . . . ." *Flater* v. *Grace*, supra, 291 Conn. 418; see also *Reville* v. *Reville*, supra, 441.

We conclude that the trial court abused its discretion by denying the motion to open on the grounds that it was untimely and that it had no basis. It is undisputed by the parties, as well as by the dissent in this appeal and both opinions in the Appellate Court, that the trial court's timeliness determination was incorrect because the defendants' July 29, 2019 motion to open was filed well within four months of the May 13, 2019 judgment pursuant to § 52-212 (a). Even the trial court initially recognized at the hearing that the motion was timely

filed within the four month time frame in § 52-212 (a). And yet, its ruling, determining that the motion to open was untimely, manifested a misunderstanding that it was filed outside the four month window contained in § 52-212 (a).

We cannot conclude that this critical error did not either affect the trial court's determination as to which legal test to apply in ruling on the merits of the motion or adversely impact the court's exercise of discretion under the proper legal test. It is true, as the dissent points out, that a "trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden demonstrating the contrary." (Internal quotation marks omitted.) *State* v. *Milner*, 325 Conn. 1, 13, 155 A.3d 730 (2017); see also *AGW Sono Partners, LLC* v. *Downtown Soho, LLC*, 343 Conn. 309, 342 n.28, 273 A.3d 186 (2022) ("when a trial court's memorandum of decision is ambiguous as to the burden of proof applied, it is the responsibility of the appellant . . . to move . . . for an articulation on that point"). However, "[a] presumption of correctness will not carry the day when there is evidence that the trial court failed to follow the applicable law." *Mitchell* v. *State*, 338 Conn. 66, 78, 257 A.3d 259 (2021). Like Judge Prescott in his dissenting opinion in the Appellate Court, we are "unwilling to apply the normal presumption regarding the correctness of a trial court's decision in light of the clear error of the court's determination that the motion was not filed within four months of the date judgment was rendered." *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 756 (*Prescott, J.*, dissenting). This is because, although the record does not conclusively establish whether the trial court's alternative determination that the motion had "no basis" resulted from its application of the two part § 52-212 (a) legal standard, or the legal standard for fraud, duress, or mutual mis-

take,[3] we conclude that the trial court's application of either legal standard constituted an abuse of discretion.

Specifically, if the trial court's decision that the motion was untimely led it to deny the motion on the ground that the defendants had failed to establish that the judgment was procured by fraud, mutual mistake, or duress, then its decision was unfounded both because the motion was timely and because there was no discussion or mention of fraud, duress, or mutual mistake. Thus, the trial court could not have properly made such a determination. Alternatively, if, as the Appellate Court majority held and the dissent presumes, the trial court determined that the motion was untimely and also had no basis because the defendants had failed to meet the two part test in § 52-212 (a), then its decision resulted from its application of an incorrect legal standard under the trial court's own reasoning. Because the two part test applies only to *timely* motions to open, we cannot agree with the Appellate Court that the trial court could have erroneously determined that the motion to open was *untimely* and yet properly applied the correct legal standard for *timely* motions to open. See *State* v. *Jackson*, supra, 334 Conn. 811; *Krevis* v. *Bridgeport*, supra, 262 Conn. 819.

Moreover, the trial court's misapprehension of the timeliness of the defendants' motion to open not only impacted *which* legal standard to apply, but also *whether* the defendants had satisfied § 52-212. For example, the first part of the test requires that the mov-

[3] To avoid the need to resort to presumptions, it would have been more prudent for the trial court to state the factual and legal bases for its decision, as required by Practice Book §§ 6-1 (a) and 64-1 (a), or for the defendants to seek an articulation pursuant to Practice Book § 66-5. As we explain, however, under the circumstances of this case, the basis the trial court provided for its decision was indisputably inaccurate such that neither an articulation nor further explication was necessary for us to review and order the reversal of its decision.

ant establish that a good cause of action or defense existed at the time the trial court rendered the judgment. See *Flater* v. *Grace*, supra, 291 Conn. 419. The court's discretionary determination as to whether a good defense existed may potentially include consideration of whether the defendants' prospective claims would be time barred, or whether the passage of time otherwise hindered their claims. Likewise, the second part of the test in § 52-212 (a) requires the trial court to assess whether the movant established that mistake, accident, or other reasonable cause prevented the movant from prosecuting the action or presenting a good defense. See id. This inquiry has a temporal component because, as the Appellate Court majority noted, depending on the circumstances presented, it may include consideration of the length of time that the defendants were prevented from asserting such a defense and did not appear in this action.[4] See *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 751–52. In fact, the temporal component was a primary point of contention at the hearing. The defendants used the existence of the two year delay to support their claim that the plaintiff never intended to pursue this action. In contrast, the plaintiff primarily argued in opposition to the motion to open that the defendants had waited two years to contest the action. The trial court's decision cannot stand under these circumstances.

---

[4] As the dissent correctly notes, § 52-212 requires that the "motion must be timely" and that, "the trial court, in concluding that § 52-212 was not satisfied, could have found that any one of these elements, or any combination thereof, had not been established." Thus, to determine whether the defendants had met the § 52-212 standard, the trial court was required to analyze whether the motion was timely, but that determination necessarily was infected by its lone, and erroneous, factual finding that the motion was untimely.

Likewise, the determination of whether to open a judgment beyond the four month limitation in § 52-212 (a) based on fraud, duress, or mutual mistake is partially contingent on how diligent the movant was in attempting to discover and expose the fraud. See *Chapman Lumber, Inc.* v. *Tager*, supra, 288 Conn. 107.

It is therefore manifest that the court's erroneous timeliness determination impacted its decision as to whether to open the judgment. Although we do not frequently upset a trial court's discretionary rulings, we must do so when the court's determination is predicated on a misapprehension of fact or law. See, e.g., *Reville* v. *Reville*, supra, 312 Conn. 450 (trial court abused its discretion in denying motion to open on basis of "unconventional analysis" and improper subsidiary determination); *Austin-Casares* v. *Safeco Ins. Co. of America*, 310 Conn. 640, 653–54, 81 A.3d 200 (2013) (trial court abused its discretion in denying motion to intervene because its decision was predicated on improper legal determination that motion was time barred); *Collins* v. *Anthem Health Plans, Inc.*, 266 Conn. 12, 49, 836 A.2d 1124 (2003) (trial court abused its discretion in denying motion for class certification because it failed to apply proper legal standard); *Burton* v. *Browd*, supra, 258 Conn. 571 (Appellate Court abused its discretion in dismissing appeal because its decision was founded on incorrect fact that plaintiff had failed to move to substitute defendant's estate in trial court); *State* v. *Sierra*, 213 Conn. 422, 436, 568 A.2d 448 (1990) (trial court abused its discretion in admitting evidence because it failed to perform necessary legal test). Here, the trial court's decision constituted an abuse of discretion because it was founded on an improper subsidiary determination.

Finally, reversal of the Appellate Court's judgment is required because an injustice appears to have been done. See, e.g., *Burton* v. *Browd*, supra, 258 Conn. 570. We agree with the sentiment of Judge Prescott, expressed in his dissent in the Appellate Court, that, "regardless of the ultimate merits of the defendants' motion to open . . . they are entitled to have that motion adjudicated by a trial court that is not laboring under the misapprehension that the motion was late." *Mercedes-Benz*

*Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 756 (*Prescott*, *J.*, dissenting). On remand, the defendants must have the opportunity to meet the two part test in § 52-212 (a) at an evidentiary hearing before a different judge with a correct understanding that the defendants had timely filed their motion to open.[5] The trial court should consider the evidence submitted by the parties and decide in the proper exercise of its discretion whether to open the judgment "mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *Costello* v. *Goldstein & Peck, P.C.*, supra, 321 Conn. 256.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the trial court's judgment and to remand the case to that court for further proceedings in accordance with this opinion.

In this opinion McDONALD, ECKER, ALEXANDER and DANNEHY, Js., concurred.

---

[5] The need for an evidentiary hearing on remand is evidenced by the dissent's consideration of the substance of the defendants' motion to open. Although the dissent artfully marshals counsels' arguments made at the original hearing, essentially none of those circumstances was established by evidence because the trial court had only Dizenzo's affidavit; indeed, there was a critical factual dispute at the hearing concerning the basis for the defendants' motion to open. Specifically, the parties' counsel at the hearing disputed whether, when, in what manner, and by which entity Dizenzo was informed that the lawsuit was not going forward. On remand, the parties will have the opportunity to submit evidence with respect to all of the substantive elements of § 52-212 (a).